## City of Louisville et al. v. Board of Education of Louisville et al.

June 2, 1942.

8

Lawrence S. Poston and Richard H. Hill for appellants.

William T. Baskett, Julian Elliott, Richard P. Dietzman and William D. Becker for appellees.

Opinion of the Court by Stanley, Commissioner—
Affirming.

This case is a sequel of Board of Education of Louisville v. City of Louisville, 288 Ky. 656, 157 S. W. (2d) 337, construing the Teachers' Retirement Act of 1938, Acts 1938, 1st Ex. Sess., c. 1, as amended in 1940, Acts 1940, c. 192, Section 4506b-1 et seq., Statutes Supplements 1939, 1941, and its effect on the rights of teachers retired under provisions of Chapter 129 of the Acts of 1912, which established a pension system for the public schools of Louisville. The question here presented is whether the sum remaining in the sinking fund, $126,-036.85, being one-half of the aggregate amount which had been paid into the system during the course of the years by teachers who are still active, should be distributed among them now or from time to time as they shall respectively cease to teach in the Louisville schools. The circuit court adjudged the distribution should be presently made. The parties to the suit, which is one for a declaratory judgment, are the appellants, City of Louisville and a taxpayer, and the appellees, Board of Education of Louisville, the Louisville Educational Association, two active and one retired teachers. The individuals represent their respective classes. The Association is a corporation promoting the welfare, advancement and interests of teachers in the Louisville public schools.

As stated in the former opinion, the Act of 1912 (published in the Statutes prior to the 1936 edition as Section 2978d-1 et seq.), compelled the teachers to join

the retirement system and to accept deductions from their salaries for the accumulation of the fund. The Act contained this provision:

> "Any teacher who shall cease to teach in the public schools of such city before receiving any benefit from the fund, shall be entitled to the return of one-half of the amount, without interest, which shall have been paid into said annuity fund by such teacher. * * * And should any teacher die before receiving any of the benefits or pensions by this act provided, the Board of Trustees shall pay to such teacher's heirs or estate, or either or any of them, as it shall see fit, one-half the amount, without interest, which shall have been paid into said annuity fund by said teacher." Section 12.

The State-wide Teachers' Retirement Act of 1938 provided for the merger of local systems into it by their own volition. When that was done the vested rights of teachers already on the retired list were taken care of in the manner determined in the first case. The act takes care of the rights of the active teachers in Section 49, Section 4506b-49, Statutes Supplement 1939, by providing that upon dissolution of the local system they become members of the State system upon the same basis as other present teachers in the state, their length of service being recognized. It is provided that before the merger the funds of the local system should be evaluated and the present extent of its liabilities computed. The rights of the active teachers in the fund are given priority over those of the retired teachers, any deficiency in the yield from what was left to pay the annuities being made up by taxation as declared in the first case. The right of the active members of the Louisville system to a return of one-half the amount which they had paid into the fund upon ceasing to teach before the retirement as above described, is recognized by the provision that:

> "The secretary of the local retirement system shall certify to the board of trustees of the local retirement system the names of all members of the local retirement system and the amount of refundable deposits due each member in accordance with the laws and regulations of the local retirement system. Upon approval by the board of trustees of the local retirement system of the names and amounts listed in the secretary's report it shall be trans-

mitted to the secretary of the local board of education.''

The disposition of those deposits was directed in this portion of Section 49 of the Act immediately following, namely:

''All funds of the local retirement system shall then be transferred to the local board of education, which within a period of twelve months after the funds are transferred to the local board of education, shall pay to members of the local retirement system the refundable deposits certified to the secretary of the local board of education by the board of trustees of the local retirement system.''

It is the contention of the appellants that the active teachers are not entitled to a present distribution because under the terms of the 1912 act they cannot recover anything until they shall cease to teach; that they have only an inchoate right, and until that shall become vested the board of education has the right to use the income from the fund for the payment of the annuities. This, it is claimed, is not only because of the provisions of the 1912 act we have quoted, but also the declaration therein that ''Such sinking fund shall be and remain a permanent fund.'' Section 5. Undoubtedly the contention would be sound but for the terms of the act of 1938 above quoted. The appellants emphasize this clause in Section 49 of the act: ''In accordance with the laws and regulations of the local retirement system'' as showing the legislative intent as to how and when the ''refundable deposits'' shall be distributed. It is to be observed, however, that that clause is part of the provision as to what the secretary of the local retirement system shall certify as being ''due each member.'' That is but the method of ascertainment. The provision for payment follows in the succeeding paragraph of the section. It is that the board of education, to whom the fund has been transferred, shall pay ''within a period of twelve months * * * to members of the local retirement system the refundable deposits certified.'' Not only is the time of payment clearly expressed but the intention is otherwise manifested by the declaration that the remainder of the fund, after deducting refundable deposits—not the whole fund—shall be used for the payment of annuities, supplemented by taxation, and that on the death of all annuitants that balance shall be used for general educational

purposes. It is further manifested by a later paragraph declaring that in a recently inaugurated system where there are no annuitants the refundable deposits shall be returned to the contributors. Perhaps there is a difference because of the absence of right to have the income from the entire fund applied to the payment of pensions. But in any event the interpretation contended for by the appellants would create several conditions difficult to meet, while the interpretation given by the court and contended for by the appellees makes a harmonious and workable merger.

We think it is clear that the intention of the legislature as to the dissolution of local systems when their members voted to come into the new State system is as above declared. Questions are raised, however, as to the power of the legislature thus to modify the act of 1912 and change the contracts by precipitating the payment of the refundable deposits before the participants cease to teach. As suggested in Board of Education of Louisville v. City of Louisville, supra, the compulsory contributions by the teachers is not unlike the tax provided in the Unemployment Compensation Act, Kentucky Statutes Supplement 1939, Section 4748g-1 et seq., and, as therein also stated, in no pension system is there a vested right until the participant has become an actual beneficiary. In the matter of the Unemployment Compensation Act we have ruled that payments made into the fund by railroad employees before they were taken into the special Federal system may not be diverted from the purposes for which the money was paid, namely, for the benefit of all employees in other industries. Unemployment Compensation Commission v. Savage, 283 Ky. 301, 140 S. W. (2d) 1073; Kentucky Color & Chemical Co. v. Barnes, 290 Ky. 681, 162 S. W. (2d) 531. There is this material difference. Under the 1912 act establishing the local teachers pension system, it was expressly provided that contributors should have the right to a refund of one-half the sums they had paid in if and when they ceased to teach before becoming entitled to an annuity. That was one of the conditions of the contract. We doubt if the legislature could have destroyed that right any more than it could have destroyed the vested rights of the pensioned teachers as declared in the first case involving this matter. Though the legislature may not have wiped out their rights against their will, we can see no reason why, as speaking for the other party to the

contract, it could not precipitate the payment by and with the consent of the contributors. As suggested by counsel for appellees, this is a trust fund and it is in accord with the philosophy of the law of trusts that when the conditions for which a trust was founded have ceased to exist and its entire purpose has been accomplished, it may be terminated by the consent of all interested parties. Browning v. Ficklin's Adm'r, 12 S. W. 714, 26 Ky. Law Rep. 470; Suggett's Trustees v. Pirtle, 199 Ky. 713, 251 S. W. 959; Riedlin's Guardian v. Cobb, 222 Ky. 654, 1 S. W. (2d) 1071; Fidelity & Columbia Trust Co. v. Williams, 268 Ky. 671, 105 S. W. 814.

Here, not only did substantially every member of the Louisville Teachers Retirement System vote for its dissolution and to accept the State plan, but they are parties to this suit by representation and ask that it be dissolved by the court. The Board of Education is only a custodian of the fund, and the city and the taxpayers never were parties to the trust. The situation is different from the Unemployment Compensation Cases because all parties entitled to participate in the income from the fund sought to have refunded were not consenting.

The judgment is affirmed.

Whole Court sitting.